UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronnie Lee Dunn, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> United States of America, ) <br> ) <br> Respondent. ) <br> ) | Cr. No.: 8:97-cr-0761-GRA <br> (C/A No.: 8:14-cv-02686-GRA) <br><br> **ORDER** <br> (Written Opinion) |

This matter comes before this Court on Petitioner Ronnie Lee Dunn's ("Petitioner's") *pro se* "Motion to Vacate Sentence" pursuant to "28 U.S.C. § 2255(f)(3)". ECF No. 58. For the reasons set forth below, Petitioner's motion is DISMISSED.

## Background

On February 24, 1998, a jury found Petitioner guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) ("Count One") and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) ("Count Two"). ECF No. 18. On April 28, 1998, the Honorable William B. Traxler, Jr. sentenced Petitioner to 322 months imprisonment, consisting of 262 months as to Count One and 60 months consecutive as to Count Two. *See* ECF No. 37. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit on two issues, including whether the district court erred in determining that his prior convictions were separate offenses for the purpose of sentencing him as a career offender. The Fourth Circuit affirmed his conviction and sentence on April 27, 1999, finding that his prior convictions were not

related and that his classification as a career offender was correct. *United States v. Dunn*, 178 F.3d 1286 (4th Cir. 1999) (unpublished).

On June 8, 2000, Petitioner moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his current sentence on grounds of ineffective assistance of counsel and improper application of the sentencing guidelines. *Dunn v. United States*, No. 8:00-cv-01897-GRA (D.S.C.) at ECF No. 1.[1] Pursuant to the versions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) DSC in effect at the time he filed, Petitioner's motion was referred to a United States magistrate judge for review. *See id*. The magistrate judge ordered a response from the Government on June 28, 2000. *Id*. at ECF No. 2. The Government responded in opposition and moved for summary judgment on August 31, 2000. *Id*. at ECF No. 3. Petitioner filed his opposition to the summary judgment motion on October 5, 2000. *Id*. at ECF No. 5. On October 23, 2000, the magistrate judge submitted his findings and recommendations to this Court. *Id*. at ECF No. 6. Petitioner filed objections to the magistrate's report on November 9, 2000. *Id*. at ECF No. 7. On January 2, 2001, after reviewing Petitioner's objections to the magistrate judge's report, this Court adopted the magistrate judge's report in its entirety, granted the Government's motion for summary judgment, and denied Petitioner's motion. *Id*. at ECF No. 8.

On July 24, 2008, Petitioner filed a *pro se* motion to modify his sentence, pursuant to 18 U.S.C. § 3582(b)(2) and U.S.S.G. § 1B1.11, arguing he was entitled to a modification based on a new amendment to the Sentencing Guidelines. ECF No. 40. This Court denied Petitioner's motion for a sentence reduction on January 7,

---

[1] The undersigned takes judicial notice of Petitioner's previous, related federal court proceedings in this district. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2009.  ECF No. 49.  Petitioner appealed, and on August 4, 2009 the Fourth Circuit affirmed this Court's Order denying Petitioner's 18 U.S.C. § 3582(c)(2) motion to reduce his sentence.  *United States v. Dunn*, 330 F. App'x 424 (4th Cir. 2009) (unpublished); ECF Nos. 51, 55–57.

Petitioner has now filed another motion pursuant to 28 U.S.C § 2255, again challenging his classification as a career offender.  ECF No. 58.  Petitioner argues that, pursuant to *Descamps v. United States*, 133 S.Ct. 2276 (2013), "he no longer has the convictions needed to be considered for imposition of U.S.S.G. § 4B1.1." *Id*. at 6.  Petitioner further asserts that "he was improperly classified as a 'career offender' under § 4B1.1(a)," because this Court "looked at [his] conduct underlying the prior convictions," "the previous police reports, indictment[s], and other Court documents to make a decision," rather than relying solely on "the charging Statute to determine if [his] prior conviction[s]" qualified as predicates to enhance his sentence under U.S.S.G. § 4B1.1.  *Id*. at 4.

## Discussion

Generally, when federal prisoners "seek habeas relief from their convictions and sentences," the proper avenue is a petition under 28 U.S.C. § 2255.  *Rice v. Rivera,* 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).  However, a "second or successive [§ 2255] motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals" to comprise:

> (1)     newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  The district court lacks jurisdiction to consider a second or successive § 2255 motion without this pre-filing authorization.  *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (explaining that "a prisoner seeking to file a successive application in the district court must first obtain authorization" from the court of appeals); *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

However, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA."  *In re Williams*, 444 F.3d 233, 235 (4th Cir. 2006).  "For example, when a first petition is dismissed on technical grounds, such as failure to exhaust state remedies, it is not counted; thus, a subsequent petition is not considered second or successive."  *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) ("A habeas petition in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.")).  A "new judgment intervening between the two habeas petitions" would prevent a numerically second habeas petition from being classified as "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010); *see United States v. Hairston*, No. 12-8096, 2014 WL 2600057 (4th Cir. June 11, 2014) (stating that Hairston's numerically second § 2255 motion was not a "second or successive" motion for purposes of 28 U.S.C. § 2255(h)

when a state court vacated a conviction after the district court denied his first § 2255 motion, because "Hairston's claim was unripe at the time his numerically first motion was adjudicated").

Here, Petitioner previously filed a § 2255 motion that was adjudicated on the merits, *see Dunn v. United* States, C/A No. 8:00-cv-01897-GRA (D.S.C.) at ECF No. 8, and he has not obtained an order from the Fourth Circuit granting him permission to file a second or successive motion in the district court. Therefore, this Court does not have jurisdiction to consider Petitioner's current § 2255 motion. Furthermore, Petitioner has not pointed to any intervening judgment that would prevent his current motion from being classified as "second or successive."[2]

## Conclusion

This is Petitioner's second § 2255 motion. Petitioner must obtain authorization from the Fourth Circuit to file a second or successive § 2255 motion. As Petitioner has not obtained this authorization, this petition is subject to dismissal.

**IT IS THEREFORE ORDERED** that Petitioner's motion is DISMISSED as an uncertified, successive petition. This Court declines to issue a certificate of appealability in this matter.[3]

---

[2] "The issue in *Hairston* and the two cases it primarily relied on all involved prior convictions being vacated, rather than subsequent case law concluding that a still-valid prior conviction no longer counts as a predicate offense." *Joy v. United States*, No. 4:06-cr-01317-TLW, 2014 WL 3054727, at *2 (D.S.C. July 3, 2014) (citations omitted) (concluding that "*Hairston* does not provide Petitioner with relief" as Petitioner's case "does not involve a vacated conviction); *Leal Garcia v. Quarterman*, 573 F.3d 214, 221 (5th Cir. 2009) ("Newly available claims based on new rules of constitutional law (made retroactive by the Supreme Court) are *successive* under § 2244(b)(2)(A): Indeed, this is the reason why authorization is needed to obtain review of a successive petition." (emphasis in original)). Because this case does not involve a vacated conviction, this Court finds that *Hairston* does not provide Petitioner with relief.

[3] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. This Court has reviewed its order and, pursuant to Rule 11(a) of the Rules Governing

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July  14 , 2014
Anderson, South Carolina

---

Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").