IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ronnie Lee Dunn, | ) |
| | ) |
| | ) Criminal Action: 8:97-cr-00761-JMC-1 |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| United States of America, | ) |
| | ) |
| Respondent. | ) |
| | ) |

This matter is before the court on Petitioner's Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 87.) Petitioner seeks relief from his sentence under *United States v. Johnson*, 135 S. Ct. 2551 (2015). (*Id.* at 15.) For the reasons stated below, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 87).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 24, 1998, a jury found Petitioner guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 924(c). (*Id.* at 16.) Petitioner was sentenced to 322 months of incarceration and five (5) years of supervised release. (*Id.*; *see also* ECF No. 25.) On June 30, 2014, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 58), which the court dismissed (ECF No. 60). On June 24, 2016, the United States Court of Appeals for the Fourth Circuit granted Petitioner's Motion to file a successive Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 83.) On the same day, Petitioner filed a *pro se* Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 87.) The Government did not respond to Petitioner's Motion.

1

## II.  LEGAL STANDARD

In order to move for relief under 28 U.S.C. § 2255, Petitioner must plead that he was sentenced "(1) in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, or (4) that his sentence is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Pursuant to 28 U.S.C. § 2255(f), a petitioner has one year from the time his or her conviction becomes final to file a motion under this section, or one year from "the date on which the right asserted was initially recognized by the United States Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(1),(3).

Because Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* plaintiff's "inartful pleadings" may be sufficient enough to provide the opportunity to offer supporting evidence.)

## III.  ANALYSIS

Petitioner asserts that "[i]n light of *Johnson v. United States*, [he] has no convictions that qualify as predicate offenses under U.S.S.G. § 4B1.1 [(Career Offender Sentencing Guidelines)]." (ECF No. 87 at 17.) Petitioner also asserts that "[h]is sentence is based in part on the residual clause [of U.S.S.G. § 4B1.1,] and that provision was struck down by the Supreme Court." (*Id.*) Petitioner ultimately asserts that his sentence under U.S.S.G. § 4B1.1 violates his due process rights and the laws the United States. (*Id.* at 14.)

In *Johnson v. United States*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague in violation of the Fifth Amendment Due Process Clause. 135 S. Ct. at 2563. The residual clause states that a violent felony could include "[crimes that involve] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. §924(e)(2)(B). *Johnson* was decided on June 26, 2015, and presented a new right for people who were sentenced to a mandatory minimum sentence of fifteen (15) years when a court utilized the residual clause of the statutory definition of violent felony.[1] In *Welch v. United States*, the Supreme Court held that *Johnson* had a retroactive effect in cases on collateral review. 136 S. Ct. 1257, 1268 (2016).

Petitioner was not sentenced under the ACCA, but under the Career Offender Sentencing Guidelines. In *Beckles v. United States*, the United States Supreme Court held that "[ ] the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, §4B1.2(a)'s residual clause is not void for vagueness." 137 S. Ct. 886, 897 (2017). The Sentencing Guidelines became advisory pursuant to the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005). However, Petitioner was sentenced under the sentencing guidelines when they were mandatory, and in *Beckles* the Supreme Court did not address whether its holding applied to those

---

[1] *See* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and *imprisoned not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).") (emphasis added).

3

defendants sentenced under the mandatory Sentencing Guidelines. *See Beckles*, 137 S. Ct. at 903 n.4.[2]

The Fourth Circuit addressed whether defendants sentenced under the mandatory Sentencing Guidelines could utilize the holding in *Johnson* to collaterally attack their sentences under 28 U.S.C. § 2255. *See United States v. Brown*, 868 F.3d 297 (4th Cir. 2017). In *Brown*, the Fourth Circuit held that a § 2255 motion seeking to attack a defendant's sentence imposed under the mandatory guidelines does not fall within the statute of limitations in § 2255(f)(3) because the Supreme Court has not recognized a new right entitling the defendant to relief. *See Brown*, 868 F.3d at 304; *see also United States v. Harris*, No. CR 3:00-780-CMC, 2018 WL 1586431, at *2 (D.S.C. Apr. 2, 2018) (citing *Brown*).

Petitioner cannot assert the new right recognized in *Johnson* because the holding in *Johnson* only concerned the residual clause of the ACCA, not the residual clause of the Sentencing Guidelines. *See Brown*, 868 F.3d at 302 ("*Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.").[3] Therefore, because Petitioner cannot assert the new right recognized in *Johnson*, Petitioner cannot utilize 28 U.S.C. § 2255(f)(3) and the one-year time period after *Johnson* in order to file his claim. *See Harris*, 2018 WL 1586431, at *2. Petitioner must bring his claim under another subsection of 28 U.S.C. § 2255(f) and the only one that is available is subsection (f)(1).

---

[2] ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker* [ ]—that is, during the period in which the Guidelines did "fix the permissible range of sentences," [ ]—may mount vagueness attacks on their sentences.") (Sotomayor, J., concurring).

[3] The definition of "crime of violence" for career offender purposes, no longer contains a residual clause. *See* U.S.S.G. § 4B1.2(a)(2) (amended 2016).

4

However, because Petitioner was convicted in 1997 and Petitioner's Motion (ECF No. 87) was filed well outside the one-year statute of limitations for filing his claim under 28 U.S.C. § 2255(f)(1), Petitioner's Motion (ECF No. 87) is untimely.

## IV. CONCLUSION

For the reasons stated above, the court **DENIES** Petitioner's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 87).

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable judges would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See, e.g., Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 30, 2018
Columbia, South Carolina